490 P.2d 34

Phillip R. GARDNER, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Gardner Refrigeration & Heating, Respondent Employer,

State Compensation Fund, Respondent Insurance Carrier.

No. 1 CA–IC 502.

Court of Appeals of Arizona, Division 1, Department B.

Nov. 8, 1971.

Rehearing Denied Dec. 10, 1971.

Review Denied Jan. 4, 1972.

Lurie & Friedman, by Steven M. Friedman, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel The Industrial Commission of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel, by Cecil A. Edwards, Jr., State Compensation Fund, Phoenix, for respondent Carrier.

JACOBSON, Presiding Judge.

In this appeal by writ of certiorari, this Court is presented with the question of whether the medical evidence supports the Industrial Commission's determination that petitioner suffered no permanent physical or mental disability as a result of his industrial accident.

Petitioner, a twenty-year-old air conditioning mechanic, injured his back on August 25, 1967 while climbing a ladder, carrying a 100-pound compressor in his arms. Three days after the accident, petitioner was treated by Dr. Keith Miller, a general practitioner. Thereafter, Dr. Keith Miller referred petitioner to Dr. Richard Daley, an orthopedic surgeon, for an orthopedic evaluation. After Dr. Daley's examination, Dr. Miller continued to treat the petitioner. On June 12, 1968, Dr. Richard Daley again examined petitioner at the request of Dr. Keith Miller. Not being satisfied with Dr. Daley's evaluation, Dr. Miller requested a group consultation which was held at the Industrial Commission on September 11, 1968. The group, which was composed of two orthopedic surgeons, a neurological surgeon, and a general practitioner was of the opinion that the petitioner could be discharged without any permanent disability relating to the injury of August 25, 1967.

On November 6, 1968 the Commission issued its Findings and Award for Temporary Disability. The award, among other things, stated that based on the medical evidence, petitioner had no physical or mental disability resulting from the August 25, 1967 industrial accident. Consequently, Mr. Gardner filed a petition for a hearing which was held on October 6, 1969 and March 20, 1970. On June 3, 1970 the Commission entered its decision affirming its prior award. From this adverse decision, petitioner has appealed to this Court.

It would be of no interest to the bar in general and would unduly lengthen this opinion to recite in detail the conflicting medical testimony in this case. Suffice it to say, we have reviewed the transcript of the hearings in this matter and conclude that in fact a conflict in the medical testimony exists as to the existence of a continued back disability attributable to the industrial episode of August 25, 1967. The Commission has resolved this conflict as the finder of fact; and under such circumstances we must affirm.

Award affirmed.

HAIRE and EUBANK, JJ., concur.